IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATASHA COWAN,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ENERGY BATTERY GROUP, INC.,**<br><br>**Defendant.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Latasha Cowan herein asserts a claim against Defendant Energy Battery Group, Inc., for due but unpaid overtime wages, showing the Court as follows:

**INTRODUCTION**

1. In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiff seeks to recover unpaid overtime wages from her former employer, Defendant Energy Battery Group, Inc.

2. Prior to filing this action, Plaintiff attempted on several occasions to engage Defendant in a dialogue and to resolve this dispute without litigation, but received no substantive response from Defendant. For this reason, Plaintiff has no alternative but to file suit over what is a relatively small claim for overtime wages.

**JURISDICTION AND VENUE**

3.  The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute that affects interstate commerce.

4.  Energy Battery Group, Inc., is a foreign corporation existing under the laws of the State of Texas.

5.  Energy Battery Group, Inc., may be served with process via service on its registered agent for service, Joan Bingham, at 561 Thornton Road, Suite J, Lithia Springs, Douglas County, Georgia 30122.

6.  This Court has personal jurisdiction over Energy Battery Group, Inc.

7.  Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant regularly conduct business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and Defendant resides in this judicial district.

**EMPLOYMENT RELATIONSHIP**

8.  Defendant Energy Battery Group owns and operates a national battery distribution business and sells and distributes batteries to commercial and individual customers across the U.S.

9. Plaintiff Cowan worked for Defendant as an order processor from May 24, 2016 through March 29, 2021.

10. At all relevant times, Plaintiff was an "employee" of Energy Battery Group within the meaning of 29 U.S.C. § 203(e)(1).

**INDIVIDUAL COVERAGE UNDER THE FLSA**

11. In each workweek throughout her employment by Energy Battery Group, in her role as an order processor, fulfilling customer orders across the U.S., Plaintiff was an employee "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**ENTERPRISE COVERAGE UNDER THE FLSA**

12. During 2018, Energy Battery Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13. During 2018, Energy Battery Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14. During 2018, Energy Battery Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes

at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. During 2018, Energy Battery Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

16. During 2019, Energy Battery Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17. During 2019, Energy Battery Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18. During 2019, Energy Battery Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. During 2019, Energy Battery Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

20. During 2020, Energy Battery Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21. During 2020, Energy Battery Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22. During 2020, Energy Battery Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23. During 2020, Energy Battery Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

**GENERAL FACTUAL BACKGROUND**

24. Throughout her employment, for an approximately three-month period each year—typically from July through September—Plaintiff regularly worked in excess of 40 hours per week, but was paid no overtime wages.

25. Throughout her employment, Plaintiff was compensated on a salary basis and received no premiums for hours worked in excess of 40 per week.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

26. At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour (i.e., overtime) wage protections set forth in 29 U.S.C. § 207.

27. During an approximately three-month period each year, Plaintiff worked for Defendant far in excess of 40 hours per week.

28. Throughout her employment, Plaintiff was compensated on a salary basis and received no premiums for hours worked above 40 in each workweek.

29. Plaintiff is entitled to payment of all due but unpaid overtime wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

30. As a result of the underpayment of overtime wages as alleged above, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid minimum wages in accordance with 29 U.S.C. § 216(b).

31. As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays that the Court:

(a) Take jurisdiction of this matter;

(b) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendant failed to comply with the maximum hour requirements of the FLSA;

(e) Award Plaintiff all due but unpaid overtime wages and liquidated damages in the same amount;

(f) Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(g) Award Plaintiff nominal damages;

(i) Award Plaintiff her costs of litigation including reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

(j) Award any and such other further relief this Court deems just and proper.

This 29th day of July 2021.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiff