IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LATASHA COWAN,

        Plaintiff,

vs.

                                           Civil Action No. 1:21-cv-03058-TWT

ENERGY BATTERY GROUP, INC.,

        Defendant.

---

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to LR 16.2 NDGa, Plaintiff Latasha Cowan and Defendant Energy Battery Group, Inc., submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

1. **DESCRIPTION OF CASE:**

**(a) Describe briefly the nature of this action.**

This is an action for alleged overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

**(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

    *(1)    Plaintiff's Factual Contentions:*

Defendant Energy Battery Group owns and operates a national battery distribution business and sells and distributes batteries to commercial and individual customers across the U.S. Plaintiff Cowan worked for Defendant as an

1

order processor from May 24, 2016 through March 29, 2021. In that position, Plaintiff was FLSA non-exempt and was engaged in interstate commerce, bringing her within the maximum-hour protections of the Fair Labor Standards Act (29 U.S.C. § 207).

Throughout her employment, for an approximately three-month period each year—typically from July through September—Plaintiff regularly worked in excess of 40 hours per week, but was paid no overtime wages. In this action, Plaintiff seeks to recover her unpaid overtime wages, liquidated damages in the same amount, her costs of litigation, and her reasonable attorney's fees, as provided in 29 U.S.C. § 216.

(2)    *Defendant's Factual Contentions:*

Plaintiff worked for Energy Battery Group, Inc. ("EBG") from approximately May 24, 2016 until March 29, 2021.  Throughout her employment, Plaintiff (i) was paid a salary in excess of $684 dollars per week; (ii) primarily performed office and non-manual work that was directly related to EBG's general business operations; and (iii) in the execution of her primary duties, Plaintiff was required to, and did, exercise discretion and judgment. Accordingly, Plaintiff was properly classified as exempt, pursuant to the FLSA.

Moreover, Defendant submits that in connection with its four-day annual convention ("Annual Convention"), its employees worked additional hours for an

extended time period thereafter (the "Contributed Extended Time"), which ranged from one week to eight weeks, depending on the year.  The number of hours worked by an employee varied, and was contingent upon an employee's availability and willingness to work.  All employees were compensated for the Contributed Extended Time worked at a rate equivalent to 1.5x his/her normal compensation rate ("Show Compensation").

As such, Plaintiff received Show Compensation for all hours worked. Accordingly, although Plaintiff was an exempt employee, and thus not entitled to overtime wages, she was nonetheless paid the equivalent of overtime for all hours worked in connection with the Annual Conventions.  Accordingly, Plaintiff was fully compensated even if she were a nonexempt worker.

**(c)   The legal issues to be tried are as follows:**

1.   Whether Defendant violated the maximum hour provisions of the FLSA;

2.   The amount of unpaid overtime wages, if any, that Plaintiff is entitled to recover;

3.   Whether any FLSA violation was "willful" within the meaning of 29 U.S.C. § 255(a);

4.   Whether any FLSA violation was done in good faith;

5.   The amount of costs, including reasonable attorney's fees, if any, that Plaintiff is entitled to recover;

6.    The factual basis of Defendant's affirmative defenses asserted in its
Answer to Plaintiff's Complaint;

7.    Whether Plaintiff was an exempt employee under FLSA;

8.    Whether Plaintiff was fully and properly compensated for all hours
worked during her employment with EBG; and

9.    Whether any of Plaintiff's claims are barred by Defendant's asserted
defenses.

**(d)    The cases listed below (include both style and action number) are:**

Pending Related Cases: <u>None</u>

Previously Adjudicated Related Cases: <u>None</u>

**2.    THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE
FEATURES LISTED BELOW (PLEASE CHECK):**

| | |
|---|---|
| ☐ | (1)    Unusually large number of parties. |
| ☐ | (2)    Unusually large number of claims or defenses. |
| ☐ | (3)    Factual issues are exceptionally complex. |
| ☐ | (4)    Greater than normal volume of evidence. |
| ☐ | (5)    Extended discovery period is needed |
| ☐ | (6)    Problems locating or preserving evidence. |
| ☐ | (7)    Pending parallel investigations or action by government. |
| ☐ | (8)    Multiple use of experts. |



(9)  Need for discovery outside United Stated boundaries.

(10)  Existence of highly technical issues and proof.

(11)  Unusually complex discovery of electronically stored information.

3.  **COUNSEL:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

Matthew W. Herrington
Charles R. Bridgers
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
matthew.herrington@dcbflegal.com
charlesbridgers@dcbflegal.com

Defendant:

**WONG FLEMING**

Tacita A. Mikel Scott
Perimeter Place
800 Mount Vernon Highway NE
Suite 410
Atlanta, GA 30328
(404) 719-5077
(404) 848-0883 (facsimile)
tscott@wongfleming.com

**4.**    **JURISDICTION:**

Is there any question regarding this court's jurisdiction?

____ Yes        _x_ No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5. PARTIES TO THIS ACTION:**

(a)  The following persons are necessary parties who have not been joined:

None known at this time.

(b)  The following persons are improperly joined as parties:

None known as this time.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**    **AMENDMENTS TO THE PLEADINGS:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary: <u>None known at this time.</u>

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.**    **FILING TIMES FOR MOTIONS:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).

(a)    Motions to Compel: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     Other Limited Motions: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8.    INITIAL DISCLOSURES

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving Initial Disclosures.

## 9.    REQUEST FOR SCHEDULING CONFERENCE

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No scheduling conference is necessary at this time.

## 10.    DISCOVERY PERIOD

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- Plaintiff's job duties;

- Plaintiff's compensation;

- Plaintiff's hours worked;

- Defendant's general business activities;

- Defendant's efforts to investigate and comply with the requirements of the FLSA.

- Plaintiff's allegations and her claims for damages and other relief, and Defendants' defenses thereto.

The parties reserve the right to seek discovery on other relevant topics as discovery progresses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:

Due to the upcoming holiday season, the Parties believe that **a six-month discovery period** is appropriate in this case, rather than the default four-month discovery period.

**11.   DISCOVERY LIMITATIONS:**

(a)     What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

All discovery requests, responses, and other materials—including document production—shall be served electronically or by other mutually acceptable means. The parties do not request that any additional changes be made to existing discovery limitations, but they reserve the right to move the Court for limitations on or expansions of discovery in the future, if necessary, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

(b)     Is any party seeking discovery of electronically stored information?

___X___ Yes   _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties have met and conferred to discuss the discovery of electronically stored information ("ESI") and will, to the extent feasible, cooperate to avoid unnecessary expense in connection with such discovery. The Parties further agree,

throughout the course of the case, to continue to meet and confer on electronic discovery issues.

ESI should be requested with as much specificity as possible to minimize the required expense.  The Parties will discuss reasonable search terms, date limitations, and key witnesses for ESI searches as discovery progresses.  If advanced search methodologies become necessary, the Parties agree to confer in an attempt to reach agreement regarding the method of culling voluminous materials. If the Parties cannot reach agreement, they shall jointly seek guidance from the Court.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Electronic mail and any other form of digital file may be produced in either native (e.g., .pst, .xcl., .mdb, .doc) or static (e.g., .pdf) format. If either party thereafter requests that specified document(s) be produced in native format or that any Metadata be produced, the parties may discuss the same and attempt to reach an agreement. If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible and describe with adequate detail the factual basis

of the undue burden objection. If the Parties cannot reach agreement, they shall jointly seek guidance from the Court.

**12.    OTHER ORDERS:**

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

If either Party believes that a protective order is required, it will submit a motion for the same.

**13.    SETTLEMENT POTENTIAL:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on September 13, 2021, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature): *s/ Matthew W. Herrington*

Other participants for Plaintiff: Charles R. Bridgers

For Defendant: Lead Counsel: *s/ Tacita A. Mikel Scott*

Other participants for Defendant: None

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X )    A possibility of settlement before discovery.

( X )    A possibility of settlement after discovery.

(\_\_\_)      A possibility of settlement, but a conference with the judge is needed.

(\_\_\_)      No possibility of settlement.

(c)      Counsel (\_\_\_\_\_X\_\_\_\_) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d)      The following specific problems have created a hindrance to settlement of this case.

None.

**14. TRIAL BY MAGISTRATE JUDGE:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)      The parties (\_\_\_) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____ 2020.

(b)      The parties (\_X\_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 29th day of September 2021,

DELONG, CALDWELL, BRIDGERS,                    WONG FLEMING
FITZPATRICK & BENJAMIN, LLC

                                                                               *s/ Tacita A. Mikel Scott*
*s/ Matthew W. Herrington*                              Tacita A. Mikel Scott
Charles R. Bridgers                                             Georgia Bar No. 632283

Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiff

Perimeter Place
800 Mount Vernon Highway NE
Suite 410
Atlanta, GA 30328
(404) 719-5077
(404) 848-0883 (facsimile)
tscott@wongfleming.com

Counsel for Defendant