# EXHIBIT A:

# PARTIES' SETTLEMENT AGREEMENT

{00022573.DOCX}

# SETTLEMENT AGREEMENT
# OF CLAIM UNDER THE FAIR LABOR STANDARDS ACT OF 1938

This Settlement Agreement ("Agreement") is made and entered into between Latasha Cowan ("Ms. Cowan") on behalf of herself, her heirs and assignees, and Energy Battery Group, Inc. ("EBG") (collectively, "the Parties").

WHEREAS, Ms. Cowan's employment with EBG ended on or about March 29, 2021;

WHEREAS, Ms. Cowan has filed a Complaint, titled *Latasha Cowan vs. Energy Battery Group, Inc.,* Civil Action No. 1:21-cv-03058-TWT, asserting violations of the Fair Labor Standards Act ("FLSA") with respect to her employment with EBG (the "Lawsuit");

WHEREAS, EBG denies the allegations and denies that it treated Ms. Cowan unlawfully, asserting that Ms. Cowan was properly paid for all services she rendered;

WHEREAS, the Parties desire to settle, fully and finally, any and all FLSA claims Ms. Cowan might have had against EBG;

NOW, THEREFORE, in consideration of the mutual promises, payments and covenants contained herein and to avoid any further cost of litigation, it is hereby agreed by the Parties as follows:

**1.    NO ADMISSION OF LIABILITY.** Neither this Agreement nor compliance with this Agreement shall be construed as an admission by EBG or be used as evidence against EBG of any liability whatsoever, or as an admission by EBG of any violation of the rights of Ms. Cowan or any other person, or any violation of any order, law, statute, duty or contract whatsoever against Ms. Cowan or any person. EBG specifically denies and disclaims any liability to Ms. Cowan or any other person for any alleged violation of the rights of Ms. Cowan or any person, or for an alleged violation of any order, law, statute, duty or contract on the part of EBG. Neither this Agreement nor anything in it may be construed to be admissible in any proceeding as evidence of liability or wrongdoing by EBG.

**2.    SETTLEMENT TERMS.** For and in consideration of the Dismissal of Claims (Paragraph 4) and other covenants and consideration provided by EBG in this Agreement, and subject to the terms and conditions of this Agreement, the Parties agree as follows:

(a)    EBG will issue and deliver to Charles R. Bridgers, Attorney, LLC as attorneys for Ms. Cowan, payments totaling $5,697.44 to be allocated as follows:

(i) one check made payable to Latasha Cowan in the amount of $2,297.44, payable as alleged liquidated damages, for which an IRS Form 1099 will be issued; and

(ii) one check made payable to Charles R. Bridgers, Attorney, LLC, in the amount of $3,400 representing attorneys' fees and costs incurred by Ms. Cowan in connection with the

Complaint, for which an IRS Form 1099 will be issued to Charles R. Bridgers, Attorney, LLC and Ms. Cowan.

(b) The promises of EBG to make the above payments and any other consideration provided by EBG in this Agreement to Cowan are in full and final settlement of all claims for relief or damages arising under the FLSA that Ms. Cowan may have or may claim to have against EBG and all of its parents, subsidiaries, affiliates, predecessors, owners, shareholders, general or limited partners, directors, officers, employees, former employees, agents, representatives, and attorneys, and any persons acting by, through, under, or in concert with any of them, and all successors and assigns thereof (collectively the "Released Parties").

(c) The obligation of EBG to make the payments described above, and any entitlement of Ms. Cowan or her attorneys to receive, use or distribute any portion of the payments described herein are expressly conditioned upon:

(i) execution by Ms. Cowan of this Agreement;

(ii) receipt of the fully executed version of this Agreement by Counsel for EBG, Tacita A. Mikel Scott of the firm Wong Fleming, 800 Mount Vernon Highway NE, Suite 410, Atlanta, GA 30328, (404) 848-0115, tscott@wongfleming.com;

(iii) receipt by counsel for EBG of a completed IRS Form W-9 for Ms. Cowan, and an appropriately completed IRS Form W-9 for Charles R. Bridgers, Attorney, LLC; and

(iv) The Court's approval of this Settlement Agreement.

The conditions set forth in this Paragraph 2(c) are condition precedents to any obligation of EBG to pay and to any entitlement of Ms. Cowan to receive the settlement amounts referenced in Paragraph 2(a).

(d) EBG will provide the consideration identified in Paragraph 2(a) within fourteen (14) days after the Court enters an Order approving this Settlement Agreement, provided that each of the conditions set forth in Paragraph 2(c) have been satisfied by Ms. Cowan.

**3.** **TAXES.** Ms. Cowan agrees to pay all federal and state taxes which are required by law to be paid by her with respect to the settlement proceeds.

**4.** **DISMISSAL OF CLAIMS.** Ms. Cowan represents that, other than the Complaint, she is not a party in any pending administrative charge, lawsuit, civil action or claim of any kind against any of the Released Parties. For and in consideration of the promises and other consideration described in this Agreement, and as a material inducement for EBG to enter into this Agreement, Ms. Cowan shall file a Motion to Approve this Settlement requesting dismissal of the Lawsuit with prejudice.

**5.     CONSIDERATION.**  Ms. Cowan understands and agrees that she would not receive the consideration specified in Paragraph 2(a) above, but for her execution of this Agreement and the fulfillment of the promises contained herein.

**6.     NO ASSIGNMENT.**  The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that only the Parties have the sole right and exclusive authority to execute this Agreement, and that none of the Parties have sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

**7     GOVERNING LAW AND JURISDICTION.**  This Agreement shall be interpreted under the laws of the state of Georgia without giving effect to the principles of conflicts of laws thereof. In the event that any of the Parties breaches any provision of this Agreement, the Parties affirm that any party hereto may institute an action to specifically enforce any term or terms of this Agreement. In an action to enforce this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

**8.     MODIFICATION OF AGREEMENT.**  This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged. Only an officer of EBG has the authority to modify this Agreement on behalf of EBG.

**9.     INTERPRETATION.**  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated and should not be construed against the "drafter" of the Agreement.

**10.    SEVERABILITY.**  The provisions of this Agreement are severable, and if any part of this Agreement, except Paragraphs 4 and/or 6, is found by a court of law to be unenforceable, the remainder of the Agreement will continue to be valid and effective. If Paragraphs 4 and/or 6 is found to be unenforceable, the Parties agree to seek a determination by the court as to the rights of the Parties, including whether Ms. Cowan is entitled to retain the benefits paid to her under the Agreement.

**11.    ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement between the Parties hereto regarding Plaintiff's claim under the FLSA, and fully supersedes any prior agreements or obligations between the Parties. However, any prior agreements between or related to the Parties that contain provisions regarding ownership, assignment, or protection of inventions or business ideas, or confidentiality of corporate information remain intact. Ms. Cowan acknowledges that she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

**12. ADVICE OF COUNSEL.** Through this clause of the Agreement, Ms. Cowan acknowledges that she has consulted with her attorney regarding the terms of this Agreement, including whether to sign this Agreement and that she had the full opportunity to discuss this Agreement with counsel prior to signing it.

**13. COUNTERPARTS.** This Agreement may be executed in multiple counterparts, and all counterparts constitute one agreement binding on each of the Parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. For purposes of this Agreement, facsimile, scanned, or electronic signatures in lieu of original signatures are acceptable.

**ACCEPTED AND AGREED:**

By: _____    7/27/2022
    Latasha Cowan                       Date

By: _____    July 28, 2022
    Rick Hallock
    On behalf of the Energy Battery Group, Inc.    Date
    Name: Rick Hallock
    Title: President

{00022217.DOCX 5}                4